480 P.2d 135

**BANK OF AMERICAN FORK, a Utah corporation, Plaintiff and Appellant,**

v.

**G L CORPORATION, a Utah corporation, Kay L. Jacobs, Calvin Swenson, Keith R. Anderson, Alvin G. Schow, Bank of Pleasant Grove, a Utah corporation, State Bank of Lehi, a Utah corporation et al., Defendants and Respondents.**

No. 12223.

Supreme Court of Utah.

Jan. 26, 1971.

Bettilyon & Howard, F. Burton Howard, Salt Lake City, for plaintiff and appellant.

Nielsen, Conder, Hansen & Henriod, Arthur H. Nielsen, Salt Lake City, for defendants and respondents.

TUCKETT, Justice:

The plaintiff filed these proceedings in the court below seeking a declaratory judgment that the G L Corporation is a branch bank of the Bank of Pleasant Grove and the State Bank of Lehi, and for injunctive relief restraining G L Corporation from operating as such. The defendants moved the court for a dismissal of the plaintiff's complaint and after a hearing the court made an order dismissing the same. From that order the plaintiff has appealed.

The G L Corporation was organized under the provisions of Section 7–3–32.5, U. C.A.1953, as amended, and since its organization it has performed certain services for the Bank of Pleasant Grove and the State Bank of Lehi. The services rendered by the corporation for the defendant banks include check-sorting and the posting to individual accounts of the customers of

the banks. It is the plaintiff's contention that the processing of checks drawn on the defendant banks by the computer of the G L Corporation constitutes payment of the checks, and that such payment brings the operations of the G L Corporation in the statutory definition of branch banking. In support of its contention the plaintiff directs our attention to the provisions of Section 70A–4–213, U.C.A.1953, which is a part of the Uniform Commercial Code and which provides as follows:

> (1) An item is finally paid by a payor bank when the bank has done any of the following, whichever happens first:
>
> \*    \*    \*    \*    \*    \*
>
> (c) completed the process of posting the item to the indicated account of the drawer, maker or other person to be charged therewith.

The restrictions on branch banking are contained in Section 7–3–6, U.C.A.1953, which are in part as follows:

> The business of every bank shall be conducted only at its banking house and every bank shall receive deposits and pay checks only at its banking house except as hereinafter provided.
>
> \*    \*    \*    \*    \*    \*
>
> The term "branch" as used in this act shall be held to include any branch, branch office, branch agency, additional office, or any branch place of business at which deposits are received or checks paid or money lent.

The parties agree that the operations of G L Corporation consist solely of rendering computerized bank accounting services for the defendant banks. The services offered by G L Corporation do not include dealing with the public nor with the customers of the defendant banks.

The legislature in 1963 enacted Section 7–3–32.5, U.C.A.1953, as amended, which specifically provides for the organization and operation of bank service corporations. The pertinent provision of that statute is as follows:

> The term "bank service corporation" means a corporation organized to perform bank services for two or more banks, each of which owns part of the capital stock of such corporation. The term "bank services" means services such as check and deposit sorting and posting, computation and posting of interest and other credits and charges, preparation and mailing of checks, statements, notices, and similar items, or any other clerical, bookkeeping, accounting, statistical, or similar functions performed for a bank.

It is quite clear that the legislature having specifically provided for the organization and operation of bank service corporations such as G L Corporation did not intend that such corporations should be considered branch banks. It is quite plain that the operations and functions of the bank service corporation as provided for by the legisla-

ture were designed for the purpose of rendering service to banks in keeping their records and in making computations which have to do solely with the internal workings of the banks and do not deal with the banks' customers nor with the public.

We are of the opinion that the district court was correct in determining that G L Corporation is not engaged in branch banking, and the order of that court dismissing the plaintiff's complaint is affirmed. Defendants are entitled to costs.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.